## Mills v. Bagby.

---

## [320] MILLS v. BAGBY.

Rules of practice which are established by the court may be so adapted in their exercise as to prevent any particular oppression; but rules of practice which are prescribed by the Legislature leave no room for the exercise of discretion, and must be obeyed according to their meaning, whatever may be the consequences in individual cases.

Therefore, where the law provided that if the appellant or plaintiff in error failed to file the transcript within the first thirty days of the term, the appellee or defendant in error might file such transcript, and then read as follows: "And it shall be the duty of said court, on motion of the defendant in appeal or writ of error, as the case may be, to affirm the judgment:" *Held,* That the court could not hear any excuse from the appellant or plaintiff in error why the transcript was not filed in time, but was bound to affirm the judgment.

An appeal is not consummated until the bond be given; a writ of error is not consummated until the citation is served or service acknowledged. If the record were brought up in either case by the appellee or defendant in error, and inadvertently affirmed, such affirmance would be a nullity. (Note 65.)

Where it did not appear from the transcript to what term the writ of error was returnable, it was ordered to be stricken from the docket.

Error from Red River.

*Morgan*, for defendant in error.

LIPSCOMB, J. In this case the defendant in error has filed the record and asked an affirmance of the judgment, without reference to the merits of the cause contained in the copy of the record, under the provisions of the 4th section of the act of the Legislature of 1848, entitled "An act to amend sections ten, eleven, thirteen, and twenty-two." (Acts 1848, page 72.) The section

## Mills v. Bagby.

reads as follows: "That when the copy of any record of any appeal or writ of error shall not be filed with the clerk of the Supreme Court on or before the third day of the term next succeeding the taking of the appeal or writ of [321]-error, it shall be lawful for the court, in its discretion, or on motion of the defendant in appeal or writ of error, and no good cause shown why the transcript of the record was not filed in due time, to affirm the judgment against the appellant or plaintiff in error, as the case may be, and his or their securities in the appeal bond; which shall be done without reference to the merits of the cause contained in the copy of the record. And in case the appellant or plaintiff in error in any cause shall fail to file a copy of the record with the clerk of the Supreme Court, as contemplated in this section, it shall be lawful for the defendant in appeal or writ of error, at any time after the thirtieth day from the commencement of the term of the Supreme Court next succeeding the taking of the appeal or writ of error, to file a copy of such record in said Supreme Court. And it shall be the duty of said court, on motion of the defendant in appeal or writ of error, as the case may be, to affirm the judgment against the appellant or plaintiff in error, as the case may be, and his or their securities in the appeal bond." The practice of this court has been under this statute to consider the reasonableness of any excuse offered by the appellant or plaintiff in error for not filing the record in the time prescribed by law until after the expiration of the thirty days from the commencement of the term of the court. This exercise of discretion we have believed to be fully authorized by the first paragraph in the section cited. Whether such discretion can be exercised after the thirty days is another and a more difficult question to decide. The extent of the State, the situation of the country, presenting so many obstacles to a speedy and certain intercommunication, would necessarily give rise to many accidents and contingencies to defeat the best arranged efforts to a strict compliance with the law. These considerations have always influenced the court in their determination whenever an application has been made during the time when the right to hear such excuses had not elapsed.

[322] Have we a right, by a fair construction of the law, to exercise the same discretion in cases arising under the second paragraph of the section cited? The divisions of the section, by a false punctuation, are separated only by a semicolon. That they, however, operate on distinct matters, is apparent to every reader. The first is designed to act upon cases brought into court and filed by the appellant or plaintiff in error, and prescribes the consequences of a non-compliance with the rule of law, but clearly and indisputably leaves it to the court to say whether a good cause was shown *why the record was not filed in time.* And it necessarily results that if the court should believe there was good cause shown, the consequences of the failure would not be enforced. When, however, we pass to the second subject acted on by the section, it would seem the language of the law is changed; and it is the language of command. It is upon the contingency happening: "And it shall be duty of said court on motion of the defendant in appeal or writ of error, as the case may be, to affirm the judgment." From a fair interpretation of the terms in which the law is expressed it would seem that a period of time was fixed beyond which no excuse should be heard, and a complete bar interposed. The limitation of twenty-seven days beyond the time when the record ought to have been filed by the appellant or the plaintiff is expressed in as unqualified terms as any law of limitation in our statute-book. And it would not be contended that any excuse could be heard for not bringing up a cause by writ of error within the two years from the rendition of the judgment sought to be revised. As little discretion is intended, it seems, in the case under consideration. The law has no doubt been productive of much hardship in some cases. And however much it may be regretted, it is not in the constitutional power of the court to modify it so as to let in the exception. If it had rested on a rule of practice established by the court, it would have been competent for the court so to adapt its exercise as to prevent any particular [323] oppression, and

Mills v. Bagby.

make it yield to the particular circumstances of the case; but being a rule prescribed by the Legislature for our action, leaving us no discretion, we are bound to obey it according to its meaning, whatever may be the consequences in individual cases.

When the motion is made by the appellee or the defendant for affirmance of judgment after the expiration of thirty days, on the production of the record, as it is an *ex parte* proceeding, we believe that it is the duty of the court to examine the record so presented for the purpose of deciding whether it contains enough in it to give jurisdiction. Where it is an appeal, no citation is required by law; but as the statute gives thirty days to file a bond, it is believed that the appeal is not consummated until a bond has been filed, although it has been claimed in open court. We have no doubt that this annunciation is often made merely to give counsel time to consider on the propriety of taking the judgment up for revision. If his subsequent reflections should determine him to do so, that intention is consummated by a compliance with the requisitions of the law. And until this consummation, the opposite party has no right to treat it as an appeal, and present the record and ask an affirmance. In truth, until it has been so consummated, there has been no appeal to give jurisdiction to this court; and were the judgment in such case to be inadvertently affirmed by this court such affirmance would be a nullity and wholly void. In cases of records sent up on writs of error, if the record is presented by the defendant in error on a motion to affirm after thirty days, we look to the citation; if it has not been served nor service acknowledged, we cannot affirm the judgment, because if we were so to do, it would be void. The plaintiff in error has no right to the record or transcript until after the service of the citation on the opposite party; and if the defendant were permitted to take a transcript before such service and present it to this court and have the judgment affirmed, it would preclude the plaintiff from an opportunity [**324**] of having his rights inquired into in this court, as he has no right to the transcript until citation is returned into the clerk's office executed. (Acts of 1846, p. 401, sec. 140.)

Such being the construction of the different provisions of our statute regulating appeals and writs of error, we will proceed to the examination of the record presented in this case, on which a motion has been made for an affirmance of the judgment. The transcript shows that the judgment was rendered in December, 1847; that a petition was filed for a writ of error on the 24th October, 1848, and a bond, the conditional part of which sets out that a judgment had been rendered against the principals, of the date first mentioned, from which the defendant in the judgment had taken an appeal. This bond has no date to it. It is approved by the clerk without any date of such approval. The citation issued without any date excepting A. D. 1849. The sheriff's return does not show when received or when executed, but that it was served the same day it was issued on the attorney for the plaintiff in the judgment. The *supersedeas* bears no date excepting ———— day of ———— 184—. There is nothing from which we can infer that the citation was served in time to make the writ of error returnable to the present term of this court. It appears with something like certainty that it was issued and served some time in the year 1849. If it was after the commencement of this term of the court, it was returnable to the next term, and could not have been properly docketed if presented by the plaintiff in the writ of error, nor can it be docketed by the defendant. The case must therefore be stricken from the docket, at the cost of the party filing the transcript. In reviewing the transcript presented, we are constrained by a sense of duty to notice the very reprehensible omissions of his duty on the part of the clerk of the District Court of Red River county, either in making up the records of the Court or want of accuracy in transcribing them.

The bond approved by him is not such as is required by law. It purports to be a bond for the prosecution of an appeal [**325**] when no appeal had been taken, but a writ of error. The bond has no date, nor is there any date to the clerk's approval. The citation, a most important process, has been issued by him without the date of its issuance or the date of its return to his office.

The same culpable negligence appears in the process of *supersedeas*.

He has totally disregarded the 7th rule prescribed by this court for his government. Delinquencies of the character noticed cannot and will not be permitted. And if again repeated, this court will most assuredly resort to other means to enforce a more faithful discharge of his duty.

Ordered accordingly.

Note 65.—Martin *et al.* v. Latimer *et al.*, *post*, 335; Patton *v.* Laforce, 14 T., 240; Chambers *v.* Shaw, 16 T., 143; White *v.* Proctor, 17 T., 406; Crunk *v.* Crunk, 23 T., 604, overruling Spann *v.* French, 13 T., 91; Loftin *v.* Nally, 28 T., 127; Houn *v.* Burnett, 40 T., 346; H. & T. C. R'y Co. *v.* Greenwood, 40 T., 361; Halloran *v.* T. & N. O. R. R. Co., 40 T., 465.